THOMAS NORTON, JR., AN INFANT BY HIS GUARDIAN *AD LITEM*, THOMAS NORTON AND THOMAS NORTON, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. JOSEPH VENA AND MARY VENA, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 11, 1972—Decided February 21, 1973.

Before Judges FRITZ, LYNCH and JOELSON.

*Mr. Harold I. Braff* argued the cause for appellants (*Mr. Brian C. Harris,* of counsel; *Messrs. Braff, Litvak, Ertag & Wortmann,* attorneys).

*Mr. Charles C. Abut* argued the cause for respondents (*Mr. Albert G. Besser,* of counsel; *Messrs. Hannoch, Weisman, Stern & Besser,* attorneys).

PER CURIAM. In this negligence case the trial judge vacated a "friendly" judgment (*R.* 4:44) in favor of an infant entered after a settlement of the action. This was done on plaintiffs' motion and over defendants' vigorous opposition. A subsequent plenary trial resulted in a jury verdict higher than the settlement (although somewhat suspect in itself because $2,000 or almost 25% of the verdict was to the father expressly for "loss of services" of this then four-year old infant plaintiff) and defendants appeal.

It appears that the only reason for the determination setting aside the previously entered judgment was the absence of a "free consent to the entry of" the judgment by the mother of the infant. The father, who was the guardian *ad litem,* had "fully and adequately indicated his approval." On the motion the judge, who had also heard the friendly, acknowledged that at the time of the friendly he felt the settlement was fair and equitable. Even on the motion the judge felt that, "The amount involved [the settlement amount] is not of such a nature as the Court can say it is grossly out of line, either on the low side or on the high side."

██ ██ We are of the opinion that the absence of consent of a nonparty parent in circumstances such as exist here, where no fraud is demonstrated and where even now the settlement is not thought to have been unfair or opposed to the

infant's best interests, is insufficient reason to vacate a judgment. The respect due to regularly entered judgments and the importance, from a public policy standpoint, of their finality appears from *Bauer v. Griffin,* 104 *N. J. Super.* 530 (Law Div. 1969), aff'd 108 *N. J. Super.* 414 (App. Div. 1970), certif. den. 56 *N. J.* 245 (1970).

We are not to be understood to imply that the matter of the absence of a nonparty parent's consent should be of no concern to a trial judge hearing a "friendly." We here hold only that this alone is an insufficient reason to vacate an otherwise regular "friendly" judgment previously approved and entered.

Reversed and remanded for re-entry of the vacated "friendly" judgment.